**IN THE COURT OF APPEALS OF IOWA**

No. 19-1513
Filed September 2, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RICHARD AUSTIN DAVIS,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Woodbury County, Tod Deck, Judge.


        Richard Davis appeals his drug conviction, challenging the denial of his motion to suppress. **AFFIRMED.**


        Rees Conrad Douglas, Sioux City, for appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.


        Considered by Doyle, P.J., and Mullins and Greer, JJ.

**MULLINS, Judge.**

At 3:37 p.m. on July 5, 2018, law enforcement dispatch received a call reporting someone driving a silver, four-door Buick "flashing a gun," "doing it to everybody" while driving.[1] The caller, who later provided his name and phone number, tendered a license plate number for the suspect vehicle and reported it turned into the parking lot of a cell phone store. The reporter was unable to provide a description of the driver, other than that he was wearing a flat-bill hat, noting "the windows are tinted, they're blacked out," but explaining he saw the gun when the driver "rolled down his window briefly because I wouldn't get over." The caller later explained the driver "shook" the gun at him, indicating, "get out of the way, look what I got."

Two officers located the vehicle in the area. Officer Paul Yaneff directed them to follow the vehicle until he could catch up and assist with felony stop procedures.[2] After initiating a traffic stop, Yaneff directed the driver, later determined to be Richard Davis, to turn off the car and step out of the vehicle. Yaneff observed Davis engage in furtive movements. Davis followed Yaneff's commands and was detained. Yaneff observed another individual in the vehicle, who Davis reported to be his thirteen-year-old son. Yaneff approached the vehicle and, from a distance, directed the son to step out, after which he asked him about

---

[1] An audio recording and a transcript of the phone call to dispatch were admitted as evidence at the suppression hearing.

[2] Yaneff testified felony stop procedures are followed when a firearm is potentially involved in a traffic stop. This procedure requires two patrol cars, physical distancing from the vehicle, and calling the subject out of the vehicle instead of approaching.

Footage from both patrol vehicles' dash cameras was admitted as evidence at the suppression hearing.

the presence of a gun and what was going on. The son reported Davis just picked him up from the cell phone store but he never saw a gun. The vehicle was searched. Cocaine was found. No firearm was located. The area was searched upon suspicions the gun was thrown out the window. The search was fruitless.

Davis was charged with drug crimes. He filed a pretrial motion to suppress the evidence obtained during the search of his vehicle, challenging the legality of the traffic stop and search. Following a suppression hearing, the district court denied the motion, concluding the report of Davis waiving his gun at people provided probable cause he committed a crime, assault in violation of Iowa Code section 708.1(2)(c) (2018),[3] and likewise established probable cause to search the vehicle for evidence in relation to said crime, the gun.[4]

The matter proceeded to a bench trial on the minutes of evidence and the court found Davis guilty of possession of a controlled substance, third or subsequent offense, as a habitual offender. Davis appealed following the imposition of sentence.

On appeal, Davis claims the district court erred in denying his motion to suppress evidence obtained as a result of the traffic stop and search of his vehicle. He argues the stop and search were unsupported by reasonable suspicion or probable cause.

---

[3] "A person commits an assault when, without justification the person" "[i]ntentionally points any firearm toward another, or displays in a threatening manner any dangerous weapon toward another." Iowa Code § 708.1(2)(c). "Dangerous weapon" is statutorily defined to include firearms. *Id.* § 702.7.

[4] There were also claims that the cocaine was found in plain view and the search was supported by a drug dog alerting on the vehicle. The suppression court did not rely on those arguments in reaching its decision.

Upon our de novo review, *State v. Fogg*, 936 N.W.2d 664, 667 (Iowa 2019), and independent evaluation of the totality of the circumstances, *State v. Smith*, 919 N.W.2d 1, 4 (Iowa 2018), we agree with the district court's well-reasoned ruling and conclusions and affirm without further opinion pursuant to Iowa Court Rule 21.26(1)(d).[5]

**AFFIRMED.**

---

[5] We do not consider the arguments Davis raises for the first time in his reply brief. *See Young v. Gregg*, 480 N.W.2d 75, 78 (Iowa 1992).